TIE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL


October 24, 1968

Honorable Robert S. Calvert        Opinion No. M-301
Comptroller of Public Accounts
State Capitol Building              Re:  Whether certain travel
Austin, Texas                            expenses of a District
                                         Judge are legally re-
                                         imbursed under Senate
                                         Bill No. 15, Acts of
                                         the 60th Legislature,
Dear Mr. Calvert:                        Article 1, Item No. 13.

        You have requested our opinion on whether certain items
in a travel expense account submitted to you from a District
Judge traveling to and attending the "National College of State
Trial Judges" during the months of July and August, 1968, pro-
vided for in Senate Bill No. 15, Acts of the 60th Legislature,
Article 1, Item 13 of the appropriations to the Supreme Court,
are reimburseable items of expense.  Specifically, you asked,
"whether the infirmary fee of $4.00, parking permit fee of
$1.00, the rental of air-conditioning of $28.00 and the laundry
charge of $14.75 is a legal charge properly payable by the
State as reimbursement."

        Item 13 of the appropriations to the Supreme Court
for the year ending August 31, 1968, reads as follows:

        "13.  For expenses incurred by District
    Judges in attending the National College of
    State Trial Judges . . . $5,000.00."

        The rider in the appropriations to the Supreme Court
states with regard to Item 13:

        "The appropriation made in Item 13 above
    may be disbursed by the Chief Justice upon
    presentation of a sworn account setting forth
    the purpose for which the expense was incurred
    and the amounts thereof."

        In Attorney General Opinion M-118 (1967), it was held
that riders in the general appropriations act were applicable to
travel reimbursement for District Judges on September 1, 1967.
Subdivision A of Section 17 of Article 5 of Senate Bill 15,

provides that Judicial Officers shall be reimbursed for "actual meals, lodging and incidental expenses." The traveling expense account submitted with your request has been approved for payment by Robert W. Calvert, Chief Justice of the Supreme Court of Texas, in accordance with the provisions of Senate Bill 15 above quoted. The items which you have inquired about are individually explained by the District Judge submitting the travel expense account as follows:

"Taken individually:

"1.  Infirmary - $4.00. This is a charge made by the University of North Carolina of all students upon registration. I did not use the infirmary but was required to pay this fee. We had no choice but to pay the same.

"2.  Parking Permit - $1.00. Likewise, this is not a charge for parking of the automobile, but rather a permit which was attached to the windshield of the auto permitting its entrance to the school grounds. We had no choice but to pay same.

"3.  Air-Conditioning Rental - $28.00. We were housed in non-airconditioned quarters at a greatly reduced rate covering room and board for weekly meals. We could have changed quarters to those which were air-conditioned off campus, which did not include meals. However, it would have added substantially to our expenses. Actually, the out of pocket cost of air-conditioning was more than the $28.00 listed, but was put on the expense account at $1.00 per day. Here we had a choice but the additional expenses would have been approximately $75.00 per Judge.

"4.  Laundry - $14.75. This was also an actual out of pocket expense entailed by our attendance at the College. Except for our stay at the College where laundry had to be sent out, I assure you that it would have been done by my ever-loving wife in her own Bendix and with iron & board, as she has been doing for the past 25 years of our married life."

It is our opinion that in view of the explanations of expenses, which arose as reasonable incidents in connection with the authorized business trip, such items constituted "Incidental Expenses" incurred while traveling to and attending the National College of State Trial Judges specifically authorized by the Legislature. Accordingly, you are advised that such expenses constitute expenses properly payable by the State as reimbursement.

As a matter of future information, for possible application to situations arising under the 1968-1969 appropriation bill, and in connection with the parking permit fee, it is to be noted that in Subdivision A of Section 17 of House Bill No. 5, Acts of the 60th Legislature, First Called Session, after incidental expenses we find the following phrase: "(exclusive of expenses related to automobiles for which transportation allowance is paid as provided by Section 14a. of this Article)". Therefore, for the current fiscal year, traveling expenses related to automobiles will be governed by Section 14a rather than Sec. 17a of Article 5 of House Bill 5.

### S U M M A R Y

Charges required to be paid by a District Judge traveling to and attending the National College of State Trial Judges specifically authorized by Senate Bill No. 15 (general appropriations act for the year ending August 31, 1968), together with certain rental and laundry charges, constitute "incidental expenses" incurred and are authorized to be reimbursed out of an item of appropriation made for such purpose.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Banks
Malcolm Quick
Ralph Rash
James A. Cowden

A. J. CARUBBI, JR.
Executive Assistant